UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

IRENE COOKS, ET AL                        CIVIL ACTION NO. 13-cv-2718

VERSUS                                    JUDGE STAGG

UNITED STATE OF AMERICA                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

  Irene Cooks and her husband ("Plaintiffs") are military veterans who received medical treatment at the Overton Brooks Veterans Association Medical Center in Shreveport. They filed this action against the United States pursuant to the Federal Tort Claims Act based on allegations that Irene Cooks suffered confusion, loss of right eye vision, and an acute left cerebrovascular accident as a result of polypharmacy (the administration of multiple medications for the same medical condition) at the VA in 2008 and 2009. Plaintiffs have been unable to produce an expert witness to testify as to the standard of care and related issues. The United States has filed a Motion to Dismiss for Lack of Prosecution (Doc. 12). For the reasons that follow, it is recommended that the court treat the motion as one for summary judgment and grant it.

**Procedural History**

  The parties engaged in some written discovery and gathered medical records. Plaintiffs' counsel, Reshonda Bradford, then reported at a conference that she had

experienced difficulties dealing with her clients and might need to file a motion to withdraw. The court allowed approximately 30 days for Ms. Bradford to make a determination on that issue. Doc. 8. She later filed a notice (Doc. 9) in which she stated that she had met with both of her clients and, in light of Ms. Cooks' medical condition and the need for her husband to provide her care, Plaintiffs had not had an opportunity to "make alternate arrangements." Ms. Bradford stated that she would remain as counsel in the case.

The court later held a conference to discuss scheduling. The minutes of that conference note that the United States had tendered its expert report months earlier, but Ms. Bradford had been unable to obtain an expert despite diligent efforts. The parties agreed that expert testimony was essential to prosecuting the medical malpractice claim. Plaintiffs were allowed until April 27, 2015 to provide an expert report on liability. The order warned: "If Plaintiffs are unable to do so, their case will be dismissed."

After Plaintiffs' deadline passed, the United States filed a Motion to Dismiss for Lack of Prosecution (Doc. 12) and represented that Plaintiffs had not produced an expert report despite the passage of the deadline and more than one year since the case was filed. The United States also argued that Plaintiffs could not meet their burden of proof without an expert witness.

**Analysis**

The United States asks for dismissal based on failure to prosecute, which may be appropriate when a party fails to comply with a court's scheduling order. Dismissal at this time, because of the statute of limitations, would likely amount to dismissal with prejudice,

which is appropriate only where there is a clear record of delay or contumacious conduct by the plaintiff and the court has determined that lesser sanctions would not prompt diligent prosecution. The courts often also look for aggravating factors such as delay caused by the plaintiff rather than his attorney, actual prejudice to the defendant, or delay caused by intentional conduct. Berry v. Cigna/RSI-Cigna, 975 F.2d 1188 (5th Cir. 1992); Stinson v. Dolgencorp, LLC, 2014 WL 5825005 (W. D. La. 2014).

The record might support dismissal for failure to prosecute, but it is recommended that the court instead grant summary judgment for the United States pursuant to Fed. R. Civ. Pro. 56(f), which allows the court to do so after giving notice and a reasonable time to respond. This Report and Recommendation, which is followed by a 14-day objections period, provides that notice and opportunity. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The liability of the United States under the Federal Torts Claims Act must be based on Louisiana law. The plaintiff in a Louisiana medical malpractice action has the burden of proving the relevant standard of care, a breach of that standard, and causation. Louisiana jurisprudence has held that expert witnesses who are members of the medical profession are necessary sources of proof regarding the standard of care and breach in medical malpractice actions except with cases, such as the amputation of the wrong leg, where negligence is so obvious that a layperson could infer negligence. Expert testimony is also required with respect to causation in circumstances that involve a complex medical condition where causation is not evident. Pfiffner v. Correa, 643 So.2d 1228 (La. 1994); Dick v. U.S., 2007 WL 1557208 (W. D. La. 2007).

Plaintiffs are pursuing a medical malpractice claim that is based on a complex medical issue regarding polypharmacy that no layperson is prepared to assess with respect to the standard of care, breach, and causation. An expert witness is necessary to meet Plaintiffs' burden. Plaintiffs have been unable to produce any expert testimony despite an order that they do so and a reasonable opportunity. Under these circumstances, there is no genuine dispute that Plaintiffs cannot present any evidence to support the key elements of their claim.

Accordingly,

IT IS RECOMMENDED that the Government's Motion to Dismiss for Lack of Prosecution (Doc. 12), after being treated as a motion for summary judgment, be granted and that Plaintiffs' complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

 THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2015.

*Mark L. Hornsby*
U.S. Magistrate Judge